BAUMAN, Appellant, v. NEWMAN, Ltd.

---

(Nov. 2, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Master and Servant —Par. 159.

When some infirmity is lurking in plaintiff's system at the time of the acci-

dent, he can recover only such damages as are the immediate result of the accident.

2. **Louisiana Digest—Master and Servant Par. 154.**

When the injury to plaintiff is not covered by Section 8, Subsections (a), (b), (c), and (d), of the Employers' Liab'lity Act, the court will be guided by Subsection (e), for a reasonable compensation.

Appeal from the Civil District Court. Hon. H. C. Cage, Judge.

Action by Wm. Bauman, against H. and C. Newman, Ltd.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Alice A. Allen, of New Orleans, attorney for plaintiff, appellant.

Edw. Rightor, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This is a suit under the Employers' Liability Act.

The plaintiff alleged that while in the employ of the defendant company and in the course of his employment he was sewing the heads of cotton bales at the Virginia Cotton Press on May 29, 1919, when he slipped off of one of the bales and his right foot was caught in the machinery of the cotton press, crushing said foot to such an extent that it is permanently injured and that he is unable to do any work of any reasonable character; that at the time of the injury he was earning $25.13 per week, and that he is entitled under the compensation laws of this State to 55 per cent of said amount during 400 weeks or to $5528 payable $13.82 wekely; that the Employers' Liability Assurance Corporation, the assurers of defendant, have paid him 26 weeks at $11 per week or $288.    Plaintiff prayed therefore for judgment for $5242.

For answer defendant denied every allegation of each paragraph of the petition. There was judgment in favor of the plaintiff for $23.66 and for $5.41 per week for 24 weeks, making 50 weeks' compensation.

Plaintiff's earnings during one year preceding the accident were $1125.86.

That would make his average weekly earnings $21.65, 55 per cent of which would be $11.91.    The defendant having paid $11 per week for 26 weeks remained owing a balance of 91 cents for 26 weeks or $23.66.

The case was submitted without argument.    The appellant has filed no briefs.

This case must be decided by section 8, subsection 1 of Act 38 of 1918, p. 53, as the accident occurred in 1919.

Paragraph (a) provides for injury producing temporary total disability, to do work of any reasonable character, etc.

Subsection (b) for injury producing permanent total disability to do work of any reasonable character, etc.

Subsection (c) for injury producing partial disablity to do work of any reasonable character, etc.

Subsection (d) for loss of a thumb, etc.

For the loss of a foot, 55 per cent of wages during 125 weeks.

Subsection (e) "In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in propor-

tion to the compensation hereinabove specifically provided in the cases of specific disabilities above named, not to exceed fifty-five per cent of wages during one hundred weeks."

As the law allows compensation for the loss of a foot during 125 weeks only, plaintiff cannot claim for a longer period for a mere injury to the foot, and he is not entitled to as much compensation as if he had lost his foot.

The evidence established beyond a doubt that plaintiff's foot was crushed in machinery, the skin abraded requiring skin grafting, much damaged tissue removed, the ligaments torn, leaving long and deep scars; causing inability to stand upon the foot or walk, for · more than six months, accompanied with much pain, bringing about total disability to do work of any kind. Prior to the accident plaintiff suffered from flat feet, or "jay-bird heels", which were aggravated by the injury as regards the right foot. According to Dr. O'Hara, Coroner, by reason of the accident plaintiff's capacity to work was impaired 25 per cent by the accident.

We do not find that plaintiff's case is covered by any of the paragraphs (a), (b), (c), (d), of subsection 1 of section 8. But we do find that it comes under paragraph (e), which the trial judge wisely applied. Dr. O'Hara testified that plaintiff's infirmity was the result of the combination of the congenital pre-existing flat foot and of the injury, and under subsection (e), the trial judge granted plaintiff compensation for one hundred weeks. But inasmuch as only one-half of plaintiff's infirmity was attributable to the accident, the trial judge correctly allowed him damages for fifty weeks.

In the case of O'Neil vs. Morgan Rrd., No. 10,115 of this court, writ refused, this court decided:

"In a physical injury case evidence held to show that the injury was not the sole cause of, but merely superinduced, the plaintiff's temporary mental derangement, the cause of which was a disease lurking in plaintiff's system at the time of the accident, plaintiff is entitled to damages for only so much of his affliction as is the result of the accident."

That part of the judgment for $23.66 is correct. But the part which gives plaintiff only $5.41 per week for 24 weeks seems to us an error. Under the subsection (e), plaintiff was entitled to 55 per cent of wages.

It was admitted that plaintiff's wages were an average of $21.65, and that 55 per cent of that sum is $11.91 allowed by the first part of the judgment.

Plaintiff is therefore entitled in addition to the $23.66 to $11.91 for 24 weeks instead of $5.41.

It is therefore ordered that the judgment herein be amended by increasing the amount thereof from $5.41 per week to eleven 91-100 dollars per week for twenty-four weeks, and as thus amended that the judgment be affirmed at the cost of defendant in both courts.